Liu v. Holder

BIA
Cheng, IJ
A087 790 828

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of July, two thousand fourteen.

PRESENT:
> DENNIS JACOBS,
> DENNY CHIN,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

JUN BO LIU,
> *Petitioner,*

> v.                                                    13-16
>                                                        NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Keith S. Barnett, New York, NY.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney General; Francis W. Fraser, Senior Litigation Counsel; Christina J. Martin, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Jun Bo Liu, a native and citizen of the People's Republic of China, seeks review of a December 6, 2012, decision of the BIA affirming the July 14, 2011, decision of Immigration Judge ("IJ") Mary M. Cheng, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jun Bo Liu*, No. A087 790 828 (B.I.A. Dec. 6, 2012), *aff'g* No. A087 790 828 (Immig. Ct. N.Y. City July 14, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Liu did not challenge the denial of withholding of removal or CAT relief in his brief to this Court; accordingly, we address only his asylum application.

The BIA did not review the IJ's adverse credibility determination, because she concluded that Liu did not

2

sustain his burden of proof for failure to offer adequate corroboration. Under the REAL ID Act, the agency may require corroboration despite otherwise credible testimony, and deny an application based on the failure to provide such corroboration, if the IJ's opinion identifies the relevant evidence and explains why such evidence is reasonably available. 8 U.S.C. § 1158(b)(1)(B)(ii); *see Yan Juan Chen v. Holder*, 658 F.3d 246, 251-53 (2c Cir. 2011).

Liu alleged three distinct claims for asylum: (1) in 2007, in his home province of Hebei, he had been detained and beaten after he refused to pay the corrupt officials who were attempting to extort money from him in exchange for a new-business permit; (2) in May 2008, also in Hebei, he was fined after the birth of his second daughter because he violated the family planning policy, and escaped sterilization only by fleeing his home; and (3) after he fled, in December 2008, in Shanghai, he was again detained and beaten after he joined a protest against corrupt officials. The IJ supported her adverse credibility determination by pointing to problems with Liu's evidence that affected all three of his claims, including

3

inconsistencies, and implausible and vague testimony.[1] However, she discussed corroboration only with regard to Liu's extortion claim. She indicated that Liu should have submitted evidence to corroborate his claim that he had attempted to start a business, such as letters from his business partners or receipts for business expenses. The IJ did not discuss corroboration with regard to Liu's two other claims. Moreover, the BIA did not discuss corroboration with regard to Liu's family planning and anti-corruption claims; it rested the dismissal of Liu's appeal solely on the IJ's finding regarding corroboration of Liu's extortion.

Because the agency did not identify the corroborating evidence that Liu should have provided in support of two of his three claims, did not explain why that evidence would be reasonably available, and did not give Liu an opportunity to demonstrate that the evidence was not reasonably available, the BIA's decision cannot be sustained. *See* 8 U.S.C. § 1158(b)(1)(B)(ii), *Yan Juan Chen*, 658 F.3d at 252-54. As

---

[1]An independent review of the record suggests that substantial evidence supports the IJ's adverse credibility finding, as there were numerous inconsistencies in Liu's evidence, and his testimony was at times implausible and at times vague. The BIA did not explain why it did not affirm the IJ's credibility finding, nor did it point to any errors in that finding.

4

a result, we remand the petition to the agency for consideration of whether Liu adequately corroborated his family planning and anti-corruption claims, or for the BIA to consider the IJ's credibility determination.

For the foregoing reasons, the petition for review is GRANTED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5